UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARLOS BASTOS,
PLAINTIFF

C.A. NO. _____

V.

STEVEN KENNEWAY
MICHAEL PARENT
SPECIAL INVESTIGATOR GIRARDI
INNER PERIMETER SECURITY SARGENT SHEPARD,

DEFENDANTS, et al.,

# COMPLAINT WITH JURY DEMAND

## Introduction

This is a Civil Rights Action filed by Carlos Bastos, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983. Alleging Failure to Protect, excessive use of force, Retaliation for speech, Conspiracy and Racial Discrimination in violation of the First Amendment to the United States Constitution, Eighth Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution. The Plaintiff also alleges the torts of Assault and Battery and Negligence.

## Jurisdiction

1. The Court has Jurisdiction over the Plaintiffs' claims of violation of Federal Constitutional Rights under 42 U.S.C. §§ 1331(i) and 1343.

2. The Court has Supplemental Jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. § 1367

3. The Plaintiff, Carlos Bastos, was incarcerated at Souza-Baranowski Correctional Center ("SBCC") during the events described in this complaint.

4. Defendant, Steven Kenneway, is the administrative superintendent officer, employed at SBCC, and is being sued in both his official and individual capacities. His place of business is located at P.O. Box 8000; Shirley, MA. 01464

5. Defendant, Special Investigator Girard, is a administrative officer employed at SBCC. And is being sued in both his official, and individual capacities. His place of business is located at P.O. Box 8000; Shirley, MA. 01464.

6. Defendant, Michael Parent is a officer employed at SBCC. And is being sued in both his official, and individual capacities. His place of business is located at P.O. Box 8000; Shirley, MA. 01464.

7. Defendant, ("Inner Perimeter Security") IPS Sargent Shepard is a senior ranking security officer employed at SBCC. And is being sued in both his official, and individual capacities. His place of business is located at P.O. Box 8000; Shirley, MA. 01464

8. On October 27th 2014, Defendant Michael Parent, along with other officers, alleged that the Plaintiff, along with other individuals, did participate in a group assault against Defendant Michael Parent, and other officers which resulted in the Plaintiff being sentenced to 2½ years in the punitive segregation unit known as DDU. (See Exhibit No. 1)

9. On March 16th 2015, Plaintiff Carlos Bastos was arraigned in Clinton District Court for participating in a group assault Defendant Michael Parent, and other officers. (See Exhibit No. 2)

10. On July 28th 2015, the Plaintiff pled guilty to participating in a group assault that included Defendant Michael Parent. And was ordered to keep away from all victims including Michael Parent, who the Clinton District Court deemed to be a victim of a crime. Plaintiff was sentenced to 30 days from and after the sentence currently serving by Clinton District Court Judge Honorable Dennis P. Sargent. (See Exhibit No. 2)

11. In May of 2017, Plaintiff completed his 2½ year DDU sentence at MCI-Cedar Junction. And was transferred back to Souza-Baranowski Correctional Center. (SBCC)

12. Plaintiff was held in SBCC punitive segregation unit for two bogus DDU Disciplinary Reports from May 2019, to September 2019. In reprisal of the guilty plea by the Plaintiff, SBCC officials repeatedly issued bogus DDU Disciplinary Reports (D-Reports) to the Plaintiff which the Department of Corrections Central Disciplinary Office Rejected. Plaintiff didn't receive any D-Reports.

13. In September of 2019, prior to the Plaintiff being released from SBCC punitive segregation, he was held for three days for Inmate Management Systems (IMS) Conflict Screening.

14. An IMS Conflict Screening is where Administrative Officials check a prisoners enemy list with other prisoners or correctional staff members which would preclude them from being housed in a unit with the prisoner or correctional staff member.

15. After Defendant Michael Parent and the Plaintiff were both identified as participants in the same physical altercation, due to Defendant Michael Parent creating a climate issue with racially motivated concerted efforts. Which resulted in the Plaintiff being criminally charged, and pleaded guilty to participating in a group assault that included Defendant Michael Parent. Which should have precluded the Plaintiff, and Defendant Michael Parent from having any contact with one another.

16. Indeed the Department of Corrections (DOC)'s own "Inmate to Staff Conflict policy" (103 CMR 426.04) states in precluding Defendant Michael Parent and the Plaintiff from having any contact. (103 CMR 426.04 Chapter 2) "Familiarity alone between staff members and inmates does not constitute a conflict. In order to be considered a conflict, these situations shall be determined to violate the security of the institution or compromise the position of the staff member." Examples of Inmate-to-Staff conflicts may include but are not limited to, (A) Serious inmate threat to do bodily harm to staff or family where staff have reason to believe that an assault may be carried out; (B) Staff member or close relative thereof was the crime victim;

(C) Staff member is victim of a serious inmate assault;
(D) Staff member and inmate are closely related." (See Exhibit No. 3.)

17. Despite this DOC inmate-to-staff policy (103 CMR 426.04) clear and mandatory language precluding Defendant Michael Parent and the Plaintiff from having any contact, let alone be in the same part of the prison, or same unit, the Plaintiff was screened to the N-1 Housing unit in September 2019.

18. Defendant Michael Parent stopped at the Plaintiff's cell door the first day they were in the N-1 Housing unit together. And stated, "Hey, either you leave, or we'll make you leave. So you better be ready because you're in for a long ride. I'm not the only one who dislikes you here. So do what you gotta do. And we'll do what we gotta do."

19. Between September 2019, and January of 2020, the Plaintiff only received Disciplinary reports by officers who shared the same working shifts as Defendant Michael Parent. These Brother officers tortured the plaintiff on behalf of the Defendant Michael Parent.

20. Between the dates of September 2019, and November of 2019, the Plaintiff was issued a Disciplinary Report, which resulted in a disciplinary hearing. During this audio recorded Disciplinary Hearing, the Plaintiff notified the staff member of tortuous, cruel and unusual punishments by Brother officers of the Defendant Michael Parent. The Plaintiff also notified the staff member of the Housing issue as a result of the conflict of interest between the Plaintiff and the Defendant Michael Parent, to which the staff member disregarded. These D-reports have been lost due to the intentional loss of the Plaintiff's personal and legal properties by DOC officers. So they will have to be produced in Discovery process. The Plaintiff preserves the right to amend this complaint with Defendants and Facts.

21. During the time frame of September 2019, through January of 2020, Defendant Michael Parent and his Brother officers falsely labelled the Plaintiff a snitch, child molester, and homosexual. Defendant Michael Parent and his Brother officers began creating

a hostile environment for the Plaintiff by falsely disciplining, and deliberately withholding job opportunities, or privileges for any inmate who associates with the Plaintiff. These acts by the Defendant Michael Parent, and his brother officers, were in hopes to have acts made upon the Plaintiff, physical or not. Which could have caused harm, or removal from the N-1 Housing Unit.

22. Between the dates of November of 2019, and January of 2020, the Plaintiff was issued a Disciplinary report which resulted into a need of further investigation. So between the above mentioned dates, the Plaintiff, along with an other inmate were requested to the (Inner Perimeter Security) IPS' office for further investigation. At that point in time, the Plaintiff, along with the other inmate notified the IPS Sargent Shepard, that the claims against the plaintiff, and other Individual, were false. And were acts made in effort to ostrisize the Plaintiff, due to the conflict of Interest between Defendant Michael Parent, and Plaintiff. But IPS Sargent Shepard disregarded this notification.

23. Plaintiff is well known in the prison system as a stand up guy. And was able to produce paperwork to prove that he is incarcerated for Manslaughter, and Felon in possession. So this was the endpoint of Defendant Michael Parent and his Brother officers recruiting Plaintiffs' fellow prisoners to assault him.

24. Plaintiff filed several grievances in regards to (A) The conflict of being housed in the N-1 housing unit where DOC inmate-to-staff conflict policy; (B) Defendant Michael Parent repeated threats against Plaintiff; (C) Manipulation of the disciplinary process at the behest of Defendant Michael Parent by his Brother officers; (D) Defendant Michael Parent and his Brother officers attempted to have the Plaintiff assaulted with the propaganda of the Plaintiff being a snitch, child molester, and Homosexual. Every single grievance form was ignored and not processed into IMS. Every staff access opportunity, Plaintiff spoke with Prison Administration, and Institutional Grievance Coordinator who claimed the Plaintiff wasn't filing grievance forms

25. Defendant Michael Parent and his Brother officers began harassing all other prisoners in the N-1 Housing Unit in attempt to coerce prisoners into assaulting Plaintiff where they; (A) Received Disciplinary Reports; (B) Received Disciplinary Sanctions;

(C) were removed from their priveledged single cell occupancy; (D) Loss opportunity to earn Statutory good time.

26. On January 10th 2020, Defendant Michael Parent and his Brother Officers began threatening the entirety of prisoners in the N1 Housing Unit by labeling any individual prisoners who participates in the grievance against Staff personnel is deemed a snitch. Defendant Michael Parent and his Brother Officers made threats of retribution against prisoners for any grievances filed against Staff members. Defendant Michael Parent and his Brother Officers berated inmates by saying, "You Spics can do what you want, we're not changing shit." Defendant Michael Parent and his Brother Officers engage inmates physically. Defendant Michael Parent and continued to engage inmates who were in restraints and defenseless. Plaintiff was escorted by Brother Officers to an off camera examination room where officers engaged the Plaintiff physically. All injuries were disregarded and undocumented. But upon arrival to MCI-Concord, from SBCC, noticeable injuries such as contusions to the face, and a fractured/dislocated left hand pinky, were documented on the plaintiff.

27. After the January 10th 2020 incident, the DOC, SBCC, Defendant Michael Parent and his Brother Officers used propaganda in the print media, and TV media, where they claimed the incident was due to: (a) the newly passed criminal bill and (b) the Hispanic Latin King Gang placing a hit on correctional staff, which was done to cover up (A) the Clinton District Court ordering the Plaintiff to keep away from the victim; (B) the DOC's failure to follow their own inmate-to-staff conflict policy 103 CMR 426.04, that precludes Defendant Michael Parent from being in the same part of the prison as the plaintiff and; (C) the torture of the Plaintiff by the Defendant Michael Parent and his Brother Officers that the Prison Administrators ignored.

28. On August 14th 2021, The "Boston Globe's" Spotlight reporter Mark Arsenault in his article titled "The Taking of Cell #15", expose the lies by Defendant Michael Parent, his Brother Officers, SBCC Administrators and DOC Administrators where he authored "DOC emails obtained by the Globe say that Defendant Kennewah, and other State officials were told almost immediately that the assault of officers on January 10th 2020, was a burst of impromptu violence stemming

from a long buildup of conflicts in the N-1 Housing Unit, not a pre-planned attack." Mark Arsenault also authors "Multiple sources interviewed claimed, that the assault was not planned, reads a January 11th 2020, email from DOC, IPS officer Fletcher Beach to a dozen other officers and Department officials, summarizing interviews with prisoners after the melee. The inmates all claimed that they had felt disrespected by the officers in the N1 Housing Unit, and the argument escalated to the point of becoming physical." Mark Arsenault also authors, "Criminal defense attorney Joseph Hennessy told the Globe that the January 10th melee began with a verbal argument about officers allegedly telling certain Latino prisoners they were not going to get coveted job assignments if they associated with Hennessy's client, SBCC prisoner plaintiff Carlos Bastos." Mark Arsenault continues to author, "Hennessy said officers tried to ostracize plaintiff Bastos, because years earlier he had assaulted a correctional officer. In 2015, Plaintiff Bastos pleaded guilty to criminal charges from the incident and had one month added to his sentence. Afterward, plaintiff Bastos and that officer were supposed to have been kept apart, per a judge's order, Hennessy said, but the Defendant Michael Parent eventually returned back to work in the same unit where the Plaintiff Bastos lived and allegedly harrassed plaintiff Bastos. The Plaintiff repeatedly filed paperwork to be separated from the Defendant Michael Parent, but DOC refused, Hennessy said. The DOC, through its spokesman, declined to address question related to the cause of the January 10th assault, and to Plaintiff Bastos." (See Exhibit NO. 4)

29. Plaintiff is an Afro Cape Verdean, and has never been, or been labeled a Latin King Gang member. None of the prisoners involved in the January 10th 2020 incident is a Latin King Gang member.

30. Based upon all of the above, Defendant Steven Kenneway, Defendant Officer Michael Parent, Defendant IPS Sargent Shepard, and Special Investigator Girardi did fail to protect the Plaintiff, and slandered him and other prisoners in the media to cover up their Constitutional violations against the Plaintiff.

## Exhaustion of Administrative Remedies

31. The Plaintiff has exhausted his administrative remedies with the respect to all claims and all Defendants.

# Claims For Relief

32. The actions of Defendant Steven Kenneway, in failure to protect the Plaintiff from Defendant Michael Parent, failure to follow Clinton District Court's stay away order, failure to follow the Inmate-to-Staff Conflict policy, in failing to intervene and prevent the misuse of the disciplinary process and to curb the known pattern of threatening abuse which was done maliciously and sadistically and that constituded cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

33. The actions of Defendant(s) Steven Kenneway, Michael Parent, IPS Sargent Shepard, and Special Investigator Girardi against the Plaintiff by verbally threatening, falsely labelling as a snitch, child molester, and homosexual, placing failed hits on his life, falsifying disciplinary reports, and torturing in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

34. The action of Defendant Michael Parent in failure to following the Clinton District Court's stay away order and disregard to follow the DOC Inmate-to-Staff Conflict policy (103 CMR 426.04)

# Relief Requested

Wherefore, Plaintiff requests that the court grant the following relief:

A. Issue a Declaratory judgement stating that
1. The failure to protect the Plaintiff, failure to follow the Clinton District Court's stay away order, the failure to follow the Inmate-to-Staff Conflict policy, failure to intervene to prevent the misuse of the disciplinary process and to curb the known pattern of threatening abuse under the Eighth Amendment to the United States Constitution.

2. Defendants Steven Kenneway, Michael Parent, IPS Sargent Shepard, and Special Investigator Girardi's actions in verbally threatening, falsifying labels such as snitch, child molester, and homosexual. Placing hits on the plaintiff life, false disciplinary reports, and torturing in violation of Plaintiff's Rights under the Eighth Amendment and Fourteenth Amendment of the United States Constitution.

3. Defendant Michael Parent in failure to follow the Clinton District Court's stay away order and disregarding the Inmate-to-Staff Conflict Policy that violated the Plaintiffs' Eighth and Fourteenth Amendments of the United States Constitutional Rights.

B. ISSUE AN INJUNCTION ORDER defendant(s) Steven Kenneway, Michael Parent, IPS Sargent Shepard, And Special Investigator Girardi to:

1. An indelible restraining order that forbids the Defendants from working in the same part of any institution with the Plaintiff as mandated in the Inmate-to-Staff Conflict Policy (103 CMR 426.04)

C. Award Compensatory damages in the following amounts

1. $750,000 Jointly and severally against Defendants Steven Kenneway, Michael Parent, IPS Sargent Shepard, and Special Investigator Girardi for the conspiracy and Constitutional violations that caused Plaintiff physical and emotional injury.

2. $750,000 Jointly and severally against Defendant Steven Kenneway, And Michael Parent for failure to follow the Clinton District Court stay away order, and Inmate-to-Staff policy (103 CMR 426.04

D. Award punitive damages in the following amounts:

1. $950,000 each against Defendants Steven Kenneway, Michael Parent, IPS Sargent Shepard, And Special Investigator Girardi.

E. Grant such relief as it may appear that plaintiff is entitled.

Signed under the pains and penalties of perjury this Fourth day of December, 2021.

Date: December Fourth, 2021

Signature, Carlos Bastos

Carlos Bastos - ID# W103148
P.O. Box 100
S. Walpole MA. 02071